VÁZQUEZ, DEMANDANTE Y APELADA *v.* MUÑOZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama, en pleito sobre cobro de dinero.

No. 1643.—Resuelto en julio 24, 1917.

PRUEBAS—PREPONDERANCIA DE LA PRUEBA—COBRO DE PESOS.—Siendo la controversia entre las partes si las mercancías cuyo importe reclama la demandante

ingresaron en poder del demandado como de la propiedad de aquélla o de la del apoderado del demandado, *se resolvió:* que la preponderancia de la prueba está en favor de que fueron entregadas por la demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Francisco Cervony Gely.*

Abogado de la apelada: Sr. *Eugenio Benítez Castaño.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Isabel Vázquez viuda de Texidor demandó a José Muñoz Vázquez cobrándole la cantidad de $2,411.24 que era en deberle según dos documentos suscritos por su apoderado A. McCormick por mercancías recibidas de aquélla, que le serían pagadas en 31 de julio de 1915.

El demandado compareció y celebrado el juicio recayó sentencia condenándole a pagar a la demandante la cantidad de 1,911 dollars sin especial condena de costas, contra la cual interpuso el perjudicado el presente recurso de apelación.

Entre los motivos de error alegados por el apelante se halla el siguiente:

"9°. y 10°. La corte cometió error declarando sin lugar la moción de *non suit* y (2) en dictar sentencia contraria a la evidencia del caso."

Aparece como un hecho cierto que en Guayama existía una corporación denominada "A. McCormick & Co.," dedicada al comercio, de la cual era presidente Arturo McCormick y secretaria Isabel Vázquez, viuda de Texidor. Que sus bienes fueron embargados y rematados por Clementina Vázquez y adjudicados al abogado Cintrón Lastra, en mercancías por mil quinientos pesos, como sustituto del abogado de esa demandante, Señor Ramos.

Isabel Vázquez trató de comprar a su hija Clementina Vázquez esas provisiones para seguir trabajando con ellas y su hija se las regaló.

Por esos días, a fines de febrero de 1915, el demandado Muñoz Vázquez se estableció como comerciante para ayu-

dar a su cuñado Arturo McCormick y le encargó de todos los negocios de su establecimiento. En el comercio de Muñoz Vázquez ingresaron y fueron vendidas en su mayor parte, las provisiones que Clementina Vázquez adquirió por su abogado por mil quinientos pesos y otras de sucursales de A. McCormick & Co., por cuatrocientos once pesos veinte y cuatro centavos, que donó a su madre. En esto no hay duda alguna y lo acepta el mismo demandado en su declaración por lo que la verdadera controversia de las partes en este litigio es si las ingresó Arturo McCormick por cuenta suya, debiéndolas o nó a Isabel Vázquez viuda de Texidor o si se ingresaron por cuenta de esta última.

Aun cuando de los libros de la casa de Muñoz Vázquez, que llevaba Arturo McCormick, aparece que en 21 de marzo de 1915 ingresó la partida de mil quinientos pesos con un valor de dos mil por cuenta capital de Isabel Vázquez de Texidor, la verdad es que ella nunca fué socia de Muñoz Vázquez, pues como él dice, nunca quiso formar sociedad con mujeres. No siendo pues Isabel Vázquez socia de Muñoz, lo único que queda por determinar es si las adquirió el establecimiento de Muñoz Vázquez por conducto de Arturo McCormick o de Isabel Vázquez.

Hay alguna confusión en la prueba, pero sin embargo, creemos que la preponderancia de ella está en el sentido de que Isabel Vázquez no vendió esas provisiones a Arturo McCormick sino que fueron aportadas al establecimiento de Muñoz Vázquez para ser vendidas en él y pagarle su importe a la dueña, demandante ahora, después del 31 de julio de 1915.

Con la sola prueba de la demandante existe alguna duda de si Arturo McCormick tenía poder de Muñoz Vázquez para la operación que llevó a cabo con la demandante, pero en vista de la declaración del demandado de que había autorizado a su cuñado para toda clase de operaciones y que le había dado un poder notarial, que no presentó en el juicio para poder sostener que no estaba facultado para dicha operación y para

suscribir en su nombre los documentos en que se basa la demanda, debemos concluir también, que Arturo McCormick estaba autorizado para suscribir por Muñoz Vázquez los documentos a que nos referimos, creditivos del negocio por el cual se le demanda. Entendemos pues que la prueba fué suficiente para sostener la sentencia condenatoria.

Los otros errores alegados sobre admisión de pruebas no tienen importancia alguna en este recurso por lo que sin necesidad de considerarlos, terminaremos declarando sin lugar el recurso y confirmando la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.